[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COURT'S COMPLIANCE WITH PLAINTIFF'S MOTION FOR ARTICULATION
The court complies with the plaintiff's motion for articulation by attaching hereto and making a part hereof a transcript of the oral decision of the court entered on August 5, 1996, granting the defendants' motion to strike.
Hendel, J.
DOCKET NUMBER: 109280 : NEW LONDON SUPERIOR COURT
WALSH : AT NORWICH
vs
RICHARD D. EVJY REALTY TRUST : AUGUST 5, 1996
BEFORE: THE HONORABLE SEYMOUR HENDEL, JUDGE OF THE SUPERIOR COURT
APPEARANCES:
FOR THE PLAINTIFF:
BERBERICK, MURPHY, DEVINE WHITTY Attorneys At Law BY: RONALD OCHSNER Harbor Drive Norwich, Connecticut CT Page 5495-UUUU
FOR THE DEFENDANT:
HEFFERNAN HEFFERNAN Attorneys At Law BY: JOAN KEATING — McKEON 29 South Main P.O. Box 270085 West Hartford, Connecticut 06127 — 0085
RECORDED BY:
IRENE M. REILLY
COURT MONITOR
THE COURT: Walsh versus Richard D. Evjy Realty?
MS. McKEON: Good morning, Your Honor, Joan Keating-McKeon for the defendant, Colony Corporation.
MR. OCHSNER: Attorney Ron Ochsner for the plaintiff, Antionette Walsh.
THE COURT: Whose motion is this?
MS. McKEON: Your Honor, this is Colony Corporation's motion — Richard D. Evjy and Colony combined.
THE COURT: What's the basis of the motion?
MS. McKEON: The basis, Your Honor, there's a separate claim brought by Antionette Walsh for a loss of consortium. There is a case pending in the judicial district by Richard, excuse me, Dennis Walsh, dated June 5, 1995. Both matters allege facts from an incident that occurred on December 29, 1993. Antionette Walsh has attempted to state a separate and independent cause of action for loss of consortium. And the defendant's move to strike this complaint based on the case law which says although the loss of consortium is a separate action, it is unusual in character because it is not truly an independent action. It is derivative, it is part and parcel of the injured spouse's claim. There is a special defense in this matter which defendants have raised, and the Supreme Court has said that the issue of comparative negligence with regard to a loss of consortium claim is relevent. How can the comparative negligence of the injured spouse, Dennis Walsh be raised in an independent action brought by the wife? CT Page 5495-VVVV He's not a party to the suit. The plaintiffs assert that because this is a separate action by virtue of it's separate nature, it is also independent. The Connecticut Supreme Court in cases cited in our brief, Champagne, Hopson, and Izzo, involve cases where the wife and the husband have brought claims that are intertwined. There's no case law cited by defendants where we have an injured spouse's claim and then we have a loss of consortium claim by that spouse — later by the spouse. It's derivitive, it's not separate, and it cannot stand with the injured spouse's claims.
THE COURT: Counsel, do you have a case which allows this?
MR. OCHSNER: Your Honor, it would be simply our argument that as recited in the brief that this is a separate cause of action —
THE COURT: Do you have a case which supports your theory, I never heard it before.
MR. OCHSNER: Not except those referred to in the brief.
THE COURT: It's clearly improper. the motion to strike is granted.
MR. OCHSNER: Thank you.
MS. McKEON: Thank you, Your Honor.
DOCKET NUMBER: 109280 : NEW LONDON SUPERIOR COURT
WALSH
VS : AT NORWICH
RICHARD D. EVJY REALTY TRUST
CERTIFICATION
I hereby certify that the foregoing is a true and accurate transcript in the aforementioned matter heard before the Honorable Seymour Hendel, Judge of the Superior Court on thefifth day of August, 1996.
Dated in Norwich, Connecticut, this fourth day of September, 1996. CT Page 5495-WWWW
Irene M. Reilly Court Monitor